15 N.J. Super. 135 (1951)
83 A.2d 235
MARY MORELAND, CHARLES ARCHIBALD, SR., AND MARGARET L. ARCHIBALD, HIS WIFE, ROSE SMITH, LORETTA RYAN, BERTHA McCONNELL, PLAINTIFFS-APPELLANTS,
v.
JOSEPH HOLLO, AND MARY HOLLO, HIS WIFE, ANNA HUDIK, MARY MATZER, JOSEPH J. HOLLO, JR., AND STEPHEN HOLLO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 23, 1951.
Decided August 20, 1951.
Before Judges McGEEHAN, SMALLEY and HANEMAN.
*136 Mr. George Pellettieri argued the cause for the appellants (Messrs. Stewart & Leventhal, attorneys).
Mr. William Reich argued the cause for the respondents (Mr. Nicholas M. Giordano, Jr., attorney).
The opinion of the court was delivered by SMALLEY, J.S.C.
This is an appeal from a judgment of the Superior Court, Chancery Division, awarding custody of an infant child, Charlene Archibald, to Anna Hudik, respondent.
On June 27, 1949, Charles Archibald, Jr., and Isabelle A., his wife, parents of Charlene Archibald, were killed as the result of an automobile accident in the vicinity of Fort Dix in Burlington County. One child, Charlene Archibald, survived, she being approximately two years of age at that time.
As a result of the accident Charlene suffered a broken leg. The child was removed to the Fort Dix hospital. Upon her release she was taken to the home of her maternal aunt, Anna Hudik, the respondent, who lives on Genesee Street in the City of Trenton, where Charlene has since resided.
In addition to the maternal aunt, the child's only living relatives are a maternal grandmother and grandfather, a paternal grandmother and grandfather, and aunts and uncles on both sides.
It has been said that the maternal grandfather died since the institution of this suit.
At about the time of the funeral of the child's parents, a dispute arose between the paternal and maternal sides of the family concerning the custody of the infant child. This dispute widened resulting in a complaint being filed by the plaintiffs who are all the paternal relatives of the infant.
At the time of the final hearing all of the plaintiffs, members of the infant's paternal side of the family, withdrew their petition for custody in favor of the appellant, Mrs. Mary Moreland, one of the infants paternal aunts who resides in York, Pennsylvania. Likewise, all of the defendants *137 representing the child's maternal side of the family, withdrew their petition for custody in favor of the respondent, Mrs. Anna Hudik, Charlene's maternal aunt.
The advisory master heard the matter for several days. The testimony revealed that both Mrs. Moreland and Mrs. Hudik were indeed fit persons in every sense should the court make its award of custody to either of them. Their reputation was of the best. The living conditions and the general environment of the home and the responsibility of the parties was excellent. Neither of the parties to this suit contend that the other is unfit to care for and have custody of the infant child.
The appellant appears to be the wife of a prosperous, successful man of good character and reputation; the owner of a substantial home in York, Pennsylvania.
The respondent is the wife of a policeman who is highly regarded in the City of Trenton, who has a daughter of the approximate age of the infant, Charlene, and who is the owner of a modest but satisfactory home in all respects.
The home conditions under which Charlene is living have been investigated by the Mercer County Probation Office and found to be more than adequate.
The record further indicates that not only does the respondent have a sufficiency of material things, but that there is a genuine love and affection which will be bestowed upon Charlene if custody is to be awarded to Mrs. Hudik. In passing let it be understood that this same situation would undoubtedly be so in the event that custody was awarded to Mrs. Moreland, the appellant.
That the law of the case is settled and that the court looks to the best welfare and happiness of the infant is not in dispute by the parties. In fact each side urges upon the court this proposition of law. In re Lippincott, 96 N.J. Eq. 260 (Ch. 1924); affirmed, 97 N.J. Eq. 517 (E. & A. 1925).
Here, then, is that old and ever complex situation of where the parties, both qualifying in every sense, come into court, in dispute, seeking the custody of the one surviving child of *138 deceased parents. No real difference would appear as to the qualifications of the parties seeking the award of custody. The advisory master, confronted with such a set of facts, came to a determination and awarded the custody of the infant to the respondent, Mrs. Hudik.
When, as here, no question is presented as to the fitness of either of the parties to deal properly with the child; when, as here, no criticism was presented as to the financial, moral or social capabilities of either of the parties, but where the infant's deceased parents were residents of this State and where a majority of the relatives reside in Trenton in this State, we think the court below, exercising its judgment as parens patriae in behalf of the State, properly awarded the custody of the infant to the respondent, Anna Hudik, a resident of this State.
The judgment of the court below is affirmed. No costs to be allowed.